UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS ALFONSO LEON,<br><br>  Plaintiff,<br><br>  v.<br><br>SHERWOOD et al.,<br><br>  Defendants. | CASE NO. 2:23-cv-01231-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on United States Magistrate Judge Theresa L. Fricke's Report and Recommendation ("R&R") recommending that the Court deny pro se Plaintiff Luis Leon's motion to proceed *in forma pauperis* ("IFP") and dismiss his complaint for failure to prosecute. Dkt. No. 16; *see also* Dkt. Nos. 1 (complaint), 5 (motion to proceed IFP). Having reviewed the R&R, the remaining record, and the applicable law, the Court adopts the R&R, denies Mr. Leon's motion to proceed IFP, and dismisses his complaint for failure to prosecute.

On August 10, 2023, Mr. Leon initiated this action alleging that while he was a convicted prisoner incarcerated at the SeaTac Federal Detention Center, he was subjected to conditions that constituted cruel and unusual punishment in violation of the Eighth Amendment. Dkt. No. 1 at 1,

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

6–47, 52; *see also* Dkt. No. 15 at 1. He also accuses prison officials of holding him in administrative confinement in violation of his due process rights, subjecting him to assault and battery, and conspiring to violate his rights. Dkt. No. 1 at 48–50.

On February 28, 2024, Judge Fricke issued an order identifying deficiencies in the complaint. Dkt. No. 15 at 3–7. In light of those deficiencies, Judge Fricke declined to grant Mr. Leon's motion to proceed IFP and ordered him to show cause why his complaint should not be dismissed for failure to state a claim or to file an amended complaint by March 15, 2024. *Id.* at 7–8.

Mr. Leon did not respond to the order to show cause, so Judge Fricke now recommends that the Court deny his IFP application and dismiss his complaint without prejudice for failure to prosecute. Dkt. No. 16 at 1. Mr. Leon did not file objections to the R&R, and he has not filed anything with the Court since his February 12, 2024 letter requesting additional time to "pay the court fees." Dkt. No. 14 at 1.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dismissal without prejudice is warranted here because Mr. Leon has failed to prosecute his case. His complaint is deficient, and he did not file an amended complaint correcting those deficiencies or show cause as Judge Fricke ordered. Dkt. No. 15 at 1, 7–9. A district court must weigh five factors when determining whether to dismiss a case for failure to prosecute or comply

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (cleaned up); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, the first two factors weigh in favor of dismissal, while the fourth factor weighs against it. *See, e.g.*, *Spesock v. U.S. Bank, NA*, No. C18-0092-JLR, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018) (explaining that the first two factors "nearly always" tip in favor of dismissal, while the fourth "generally cuts against" it). There is no evidence of prejudice to Defendants, who have not yet appeared. Finally, Mr. Leon's failure to file an amended complaint—after being warned that the failure to do so could result in dismissal—or to file objections to the R&R recommending dismissal indicate that less drastic sanctions would not be effective. Dkt. No. 15 at 9; *see also Choi v. LG Elecs. USA, Inc.*, No. 2:22-cv-00494-BJR, 2022 WL 17960618, at *3 (W.D. Wash. Dec. 27, 2022) (finding that "in light of Plaintiff's failure to take even the most basic steps necessary to comply with the Court's orders and prosecute her case, the Court perceives no less drastic sanction that might prompt action on her part"). On balance, the factors weigh in favor of dismissal. The Court thus dismisses the complaint and declines to grant further leave to amend because the Judge Fricke's previous grant of such leave prompted no response. Dkt. No. 15 at 7–8.

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court ADOPTS the Report and Recommendation, Dkt. No. 16.

(2) The Court DENIES Mr. Leon's motion to proceed IFP, Dkt. No. 5.

(3) Mr. Leon's complaint, Dkt. No. 1, is DISMISSED without prejudice.

//

The Clerk is directed to send uncertified copies of this Order to Mr. Leon at his last known address.

Dated this 18th day of April, 2024.

*Lauren King*

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 4